## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )       Case No. 14-CR-40099-SMY
                                     )
JACQUE LEE BROWN,                    )
                                     )
            Defendant.               )

## ORDER

Defendant Jacque L. Brown pled guilty to one Count of possession of Pseudoephedrine knowing it would be used to manufacture a controlled substance, Methamphetamine, and was sentenced to 87 months' incarceration and 2 years' supervised release on July 23, 2015 (Doc. 28). Defendant previously sought a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines (Doc. 34). That Motion was denied on February 25, 2016 (Doc. 36). Defendant now seeks a sentence reduction pursuant to Amendment 794 of the Sentencing Guidelines (Doc. 39) on the bases that she has had no disciplinary action while incarcerated, she has shown rehabilitation, and she had a limited role in the criminal enterprise. Defendant is not entitled to the requested relief.

Section 3582(c)(2) permits the Court to modify a term of imprisonment "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." Amendment 794 did not reduce a guideline range but "simply clarified when to apply a guideline that lowers a range." *Ozuna v United States*, 2017 WL 4083724 (7th Cir. 2017). Moreover, Amendment 794 became effective on November 1, 2015, after Defendant pled guilty, and does

not apply retroactively.  Accordingly, Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 14, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**